Donahue, J.
This cause is submitted to this court on the demurrer of the relator to the answer of the defendant. No demurrer was filed to the petition, but it is now insisted on the part of the defendant that this demurrer to the answer should be sustained for the reason that a member of the county budget commission is not a public officer, and that, therefore, an action in quo warranto will not lie to oust him as a member of that commission. If Section 5649-3&, General Code, in its original form or as amended, does in fact create a new office, then it is in clear violation of the positive provisions of the constitution, in so far as it purports to appoint the-incumbents of that office. Section 27 of Article II of the Constitution provides *5 that “No appointing power shall be exercised by the general assembly, except as prescribed in this constitution, and in the election of United States senators; and in these cases the vote shall be taken viva voceIt' is apparent, however, from the language used in Section 5649-3&, General Code, either in its original form, or as amended, that this section does not create or purport to create any new office, but rather imposes additional duties upon the incumbent of existing offices. These duties, however, are official duties in every sense of the word, and if they are by statute attached to the office of prosecuting attorney and the defendant is claiming the right and the authority to discharge these duties and is proceeding to act in that behalf to the exclusion of the prosecuting attorney, he is to that extent usurping the office of prosecuting attorney of the county, and an action in quo warranto will lie to inquire by what authority he claims to exercise the rights and authority of the prosecuting attorney to discharge any or all the duties belonging to that office.
It is true the petition avers that the defendant is usurping the office of member of the budget commission of Hamilton county, Ohio, but it further appears from the petition that he is claiming the right to sit as a member of the budget commission of that county to the exclusion of the prosecuting attorney of the county and to discharge and perform the duties and exercise the authority of the prosecuting attorney in that behalf. It follows that if this defendant is in fact wrongfully and unlawfully intruding himself as a member of the *6 county budget commission; if he is wrongfully and unlawfully claiming the right and the authority to discharge these duties and is wrongfully and unlawfully discharging and pretending to discharge the same, he is in fact intruding himself into the office and usurping the powers and authority of the lawful incumbent of that particular office to which these duties attach, regardless of the averments of the petition as to the office he is usurping.
The important question in this case, however, is whether these duties attach by law to the office of prosecuting attorney or to the office of city solicitor of the city of Cincinnati in the county of Hamilton, and this involves the question of the constitutionality of the act of February 16, 1914, entitled “An act to amend Section 5649-3&, of the General Code, as amended April 16, 1913, providing for the time of meeting of the county budget commissions.” It is clear from the facts averred in the answer, and admitted by the demurrer for the purposes of the demurrer, that if this act is constitutional the defendant is entitled to sit as a member of the county budget commission of Hamilton county. If this act is unconstitutional, then, for the same reasons, the act of April 16, 1913, in so far as it purports to amend Section 5649-3&, General Code, is also unconstitutional, and it will be unnecessary in this opinion to refer further to that act, except the repealing clause, which in terms purports to repeal Section 5649-3b, General Code.
The county budget commission is a uniform commission, with uniform duties and authority in each of the counties of the state, yet this amend *7 ment does not provide that the several county budget commissions shall be uniformly constituted. On the contrary, in some counties the mayor of the largest municipality within the county, the city solicitor of the same municipality and the county auditor constitute the county budget commission. In other counties, the mayor of the largest municipality within the county, the county auditor and the president of the board of education of the school district containing the largest municipality within the county constitute this commission. This amendment further provides that when the president of that board of education is not an elector, then that board of education shall designate one of its members who is an elector to serve as a member of the county budget commission. No provision whatever is made for the selection of a third member of this commission where no member of the board of education of the school district containing the largest municipality of the county is an elector.
It appears, therefore, that under the provisions of this amendment this uniform county budget commission, possessing uniform authority in each of the several counties of the state, may not only be constituted in three different ways, but in some instances this third member may be designated by persons who are not electors of the state, and under some circumstances no third member of this commission can be chosen at all.
It may be claimed that the general assembly has the right to make this classification of counties upon the basis of urban and city population, but such a classification with reference to a board or *8 commission charged with the performance of uniform duties and clothed with uniform authority in each of the several counties of the state, regardless of the proportion of city and urban population, would be a mere arbitrary classification that cannot be permitted under our constitution.
Even if such a classification were proper, it is conceded that the duties of this commission are official duties. Therefore, they must be performed by an officer legally elected or appointed to the office to which these duties attach. It is hardly necessary to say that the designation of a person to sit as a member of this commission by persons not electors of this state would not be a legal appointment, even if under our constitution the office to which these duties attach were an appointive one.
It is also possible under the laws of this state that no member of the board of education of the school district containing the largest municipality of the county would be an elector. In such event this amendment provides no possible way for the selection of a third member of the budget commission, and for this reason also this law would not have uniform operation throughout the state. It is true that such a contingencjr is not probable, but in testing the constitutionality of the law we are dealing not with the probabilities but the possibilities that may arise in the course of its operation, and we cannot overlook the provisions of other statutes of our state under which conditions might lawfully arise that would prevent the uniform operation of the law in question.
*9 It is contended further on the part of the relator that Section 5649-3&, as amended April 16, 1913 (103 O. L., 552), and as amended February 16, 1914 (104 O. L., 237), imposes governmental functions necessarily exercised throughout the county, and that the duties created by this section and the amendments thereto cannot be attached to an office the incumbent of which is not elected by a constitutional majority of all the electors of the county. In other words, that the official duties required by these sections are official duties for the whole county and each part and parcel of the county, and therefore must be performed by a county officer.
Undoubtedly the duties of the county budget commission are an inherent part of the sovereign power of taxation. This power can be exercised only by a government through officers duly authorized to perform this important function of government. The character of a public office is determined by the nature of the public service to be performed in connection with the territorial limits of the authority to act in an official capacity. The service performed by this commission is performed for the whole county and each part thereof, regardless of the lesser political subdivisions. This amendment very properly designates it as “the budget commission of each county.” It is clear, therefore, that whoever is lawfully authorized to perform this public service for the county at large is a county officer, not necessarily a separate and distinct officer from the other county officers, for the legislature may create new official duties at will and require the incumbents of existing offices to *10 perform these duties, but the new duties created by law must by law be performed by an officer having constitutional authority to perform the same.
Section 1 of Article X of the Constitution of Ohio reads as follows: “The general assembly shall provide, by law, for the election of such county and township officers as may be necessary.”
It is clear from this provision of the constitution that the legislature of this state cannot create a county office without providing by law for the election of the officer who is to discharge the duties of that office. That being clear, upon what theory then can the general assembly of this state create official duties to be performed for the whole county and attach the same to offices the incumbents of which are not elected by the electors of the county for which these services are to be performed ? Section 1 of Article X of the Constitution gives to the electors of a county the right to say who shall administer its local affairs, and any attempt by the legislature to clothe an individual not elected by a constitutional majority of the electors of the county with such authority would be a clear invasion of this constitutional right. Neither the mayor nor the city solicitor of the largest municipality in the county, nor the president of the board of education of the school district containing the largest municipality within the county, nor a member of that board of education designated by the board of education itself, is elected by the electors of a county, yet if either of these officials should serve as a member of the county budget commission he would be required to serve the entire county in an official *11 capacity, and his authority to perform the duties of this position would extend throughout the entire territorial limits of the county. Therefore the act of February 16, 1914 (104 O. L., 237), purporting to amend Section 5649-2>b, as amended April 16, 1913, and the act of April 16,1913 (103 O. L., 552), purporting to amend Section 5649-Zb, are each in direct conflict with Section 1 of Article X of the Constitution of Ohio and void in so far as either of said acts purports to confer authority to perform official acts for the county upon officers not elected by the electors of the whole county.
Section 2 of the act of April 16, 1913, specifically repeals Section 5649-3&, General Code. It is clear, however, that the general assembly did not intend to abolish county budget commissions, and therefore the presumption obtains that it would not. have passed this repealing clause had it not believed it was providing a valid substitute for the section repealed. All the legislation upon this subject would become meaningless and impossible of operation without a budget commission or some other board or officer clothed with authority to review and revise the various levies of a taxing district so as to bring such levies within the limit provided in other sections of the original act. All the other sections of the original act are retained, and this amendment clearly evidences the intention of the legislature to continue the county budget commission for the purposes and with the authority stated in the original act. It is the unquestioned law of this state that where an act repealing another act and purporting to provide a substitute *12 therefor is found to be unconstitutional and invalid, the repealing clause must also be held to be invalid, unless it shall appear that the legislature would have passed the repealing clause even if it had provided no valid substitute for the act repealed. The act of April 16, 1913 (103 O. L., 552), purporting to amend Section 5649-35, being unconstitutional in the particulars hereinbefore mentioned, the repealing clause of that section must also be held to be invalid in so far as it repeals any part of the original act for which a valid substitute is not provided, and to that extent Section 5649-35, General Code, is still in full force and effect.
It is true that this section is subject to the same objection urged against these amendments, yet it is expressly provided that a quorum of the budget commission is authorized to transact business, and at least two of the members designated by the original act to serve as members of the county budget commission are county officers elected by a constitutional majority of the electors of the county.
The demurrer to the answer of the defendant is sustained, and the defendant not desiring to plead further, judgment is entered for the relator.

Judgment of ouster.

Nichols, C. J., Shauck, Johnson, Wanamaker, Newman and Wilkin, JJ., concur.